Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000558
13-APR-2018
08:48 AM

NO. CAAP-17-0000558

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

CIVIL NO. 07-1-2393-12
JIM ANDREWS AND THE LANDSCAPE WORKS, INC.,
Plaintiffs-Appellees,
v.
MARCUS D.E. ROSEHILL, INDIVIDUALLY,
Defendant-Appellant,
and
MARCUS ROSEHILL AS TRUSTEE OF THE MARCUS F. ROSEHILL REVOCABLE
LIVING TRUST AND VIOLET MARIE M. ROSEHILL REVOCABLE LIVING
TRUST; DENNIS J. CLEMENT; MARVI M. ROSEHILL CHING,
CO-TRUSTEE OF THE MARCUS F. ROSEHILL REVOCABLE LIVING TRUST
AND VIOLET MARIE M. ROSEHILL REVOCABLE LIVING TRUST,
Defendants-Appellees,
and
JOHN DOES 2-10; DOE CORPORATIONS 1-10;
DOE PARTNERSHIPS 1-10; DOE ENTITIES 1-10, Defendants

CIVIL NO. 06-1-1982-11
MARVI M. ROSEHILL CHING AND MARCUS ROSEHILL,
TRUSTEES OF THE MARCUS F. ROSEHILL REVOCABLE LIVING
TRUST AND VIOLET MARIE M. ROSEHILL REVOCABLE
LIVING TRUST, Plaintiffs-Appellees,
v.
JIM ANDREWS AND THE LANDSCAPE WORKS, INC.,
Defendants-Appellees.

CIVIL NO. 06-1-1976-11
JIM ANDREWS AND THE LANDSCAPE WORKS, INC.,
Plaintiffs-Appellees,
v.
MARVI M. ROSEHILL CHING AND MARCUS ROSEHILL,
TRUSTEES OF THE MARCUS F. ROSEHILL REVOCABLE LIVING
TRUST AND VIOLET MARIE M. ROSEHILL REVOCABLE
LIVING TRUST, Defendants-Appellees.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of (1) Defendant-Appellant Marcus D.E. Rosehill's (Marcus Rosehill) appeal from the Honorable Keith K. Hiraoka's June 28, 2017 order denying Marcus Rosehill's motion for relief from the September 1, 2011 judgment in the underlying consolidated cases of Civil No. 07-1-2393-12, Civil No. 06-1-1982-11 and Civil No. 06-1-1976-11, and (2) the record, it appears that we lack appellate jurisdiction over this appeal. This court held in CAAP-11-0000723 that the September 1, 2011 judgment failed to satisfy the requirements for an appealable final judgment, and thus, the subsequent June 28, 2017 order is an interlocutory order that is not yet eligible for appellate review.

As we explained in the January 31, 2012 order dismissing Marcus Rosehill's appeal from the September 1, 2011 judgment in CAAP-11-0000723, the September 1, 2011 judgment neither resolves all claims from all three consolidated cases nor contains a finding of no just reason for delay in the entry of judgment as to one or more but fewer than all claims or parties pursuant to Rule 54(b) of the Hawai'i Rules of Civil Procedure (HRCP), as Hawaii Revised Statutes (HRS) § 641-1(a) (2016) and HRCP Rule 58 require for an appeal from a civil circuit court case. See Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994) (Holding that, to be appealable, a judgment must "either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)."); Leslie v. Estate of Tavares, 109 Hawai'i 8, 13, 122 P.3d 803, 808 (2005) (Holding that "a judgment or order in a consolidated case, disposing of fewer than all claims among all parties, is not appealable in the absence of [HRCP] Rule 54(b) certification.").

Although Marcus Rosehill later sought relief from the September 1, 2011 judgment, purportedly pursuant to HRCP Rule 60(b), the Supreme Court of Hawai'i "hold[s] that relief under HRCP Rule 60(b) requires an underlying judgment that comports with the principles of finality set forth in Jenkins.

Absent an underlying appealable final judgment, the circuit court's rulings on a purported Rule 60(b) motion are interlocutory and not appealable until entry of such a judgment." Bailey v. DuVauchelle, 135 Hawai'i 482, 491, 353 P.3d 1024, 1033 (2015). Because the September 1, 2011 judgment is not an appealable final judgment that comports with the principles of finality set forth in Jenkins, the circuit court's subsequent June 28, 2017 post-judgment order denying Marcus Rosehill's March 29, 2017 post-judgment HRCP Rule 60(b) motion for relief from the September 1, 2011 judgment is an interlocutory order that will not be eligible for review until the circuit court enters an appealable final judgment.

We are aware that under the holding in Waikiki v. Ho'omaka Village Association of Apartment Owners, 140 Hawai'i 197, 398 P.3d 786 (2017), the Supreme Court of Hawai'i now

> hold[s] that when a party to a circuit court civil case timely appeals a purportedly appealable final judgment later determined not to meet Jenkins requirements, rather than dismiss the appeal, the ICA must temporarily remand the case to the circuit court "in aid of its jurisdiction" pursuant to HRS § 602-57(3) (2016) for entry of an appealable final judgment with a direction to the circuit court to supplement the record on appeal with the final judgment.

State v. Joshua, 141 Hawai'i 91, 93, 405 P.3d 527, 529 (2017) (footnote omitted). Nevertheless, when we review the record, we do not see any motion by a party, nor any indication by the circuit court, that reflects the intent by the circuit court to certify the September 1, 2011 judgment for an appeal pursuant to HRCP Rule 54(b). See Arimizu v. Fin. Sec. Ins. Co., 5 Haw. App. 106, 112, 679 P.2d 627, 633 (1984) ("Rule 54(b) does not prescribe any procedure for obtaining a certificate. Although the normal procedure is to request such certification by motion, a trial court may consider the matter sua sponte in an appropriate case. See 10 Wright, Miller & Kane § 2660."). In the absence of any indication that the circuit court intended to certify the September 11, 2011 judgment for an appeal pursuant to HRCP Rule 54(b), we will not supplant the discretion of the circuit court to certify a judgment as to one or more but fewer

than all claims or parties for an appeal pursuant to HRCP Rule 54(b).  Thus, we conclude that the holdings in <u>Waikiki</u> and <u>Joshua</u> do not apply under these circumstances.  In the absence of an appealable final judgment, Marcus Rosehill's appeal is premature and we lack appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-17-0000558 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi,  April 13, 2018.



Presiding Judge


Associate Judge


Associate Judge

-4-